# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERWIN JULES JACKSON,<br><br>            Petitioner,<br><br>     v.<br><br>T.L. CAMPBELL,<br><br>            Respondent. | Case No. 5:24-cv-00754-WDK-PD<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF PETITION** |

On April 10, 2024, Petitioner Derwin Jules Jackson, proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.  The Court issues this Order to Show Cause directed to Petitioner because the face of the Petition suggests that it is subject to dismissal pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and fails to allege any claim that is cognizable on federal habeas review.

**I.     Procedural History and Petitioner's Contentions**

In July 1997, a San Bernardino County Superior Court jury convicted Petitioner of two counts of second-degree murder and found that a principal

was armed with a firearm. [*See* Dkt. No. 1 at 2]; *People v. Jackson*, No. E072766, 2020 WL 4186391, at *1 (Cal. Ct. App. July 21, 2020) ("*Jackson I*"). Petitioner waived his right to a jury trial on the allegation that he had suffered a prior serious or violent felony strike conviction, and the trial court found that the allegation was true. *Jackson I*, 2020 WL 4186391, at *1. In 1998, he was sentenced to 15 years to life on each murder count, doubled to 30 years to life due to the prior conviction, plus one year for each firearm enhancement. *See id.* He was also ordered to pay $10,000.00 in restitution. *See id.*

Petitioner appealed, arguing among other things that his prior conviction did not qualify as a violent or serious felony, and on June 23, 1999, the court of appeal affirmed the judgment in all material aspects. *See People v. Jackson*, No. E073934, 2020 WL 5836035, at *3 (Cal. Ct. App. Oct. 1, 2020) ("*Jackson II*"); *see also* Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for Case No. E021188 in 4th App. Dist., Div. 2) (last visited on Nov. 18, 2024). The California Supreme Court denied review on October 20, 1999. *See* Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for Case No. S080955 in supreme court).[1]

In August 2018, Petitioner filed a habeas petition in the superior court, again challenging the prior-conviction enhancement. *Jackson I*, 2020 WL 4186391, at *1. On March 15, 2019, the superior court granted relief and ordered that he be resentenced. *See id.* After being resentenced, Petitioner appealed, and on July 21, 2020, the court of appeal affirmed the judgment but

---

[1] In 2002 and 2012, Petitioner filed unsuccessful habeas petitions in the California Supreme Court and California Court of Appeal, respectively. *See* Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for "Derwin" and "Jules" and "Jackson") (last visited on Nov. 18, 2024). Neither of those petitions has any bearing on the claims he asserts in his current Petition.

remanded for resentencing to allow the trial court to exercise its discretion whether to strike the firearm enhancements and to allow Petitioner to request a hearing to determine his ability to pay the restitution fine. *See Jackson I*, 2020 WL 4186391, at *5.

Meanwhile, the State appealed the superior court's order granting Petitioner's habeas petition, and on October 13, 2020, the court of appeal affirmed. *See In re Jackson*, E072464, 2020 WL 6052571, at *14 (Cal. Ct. App. Oct. 13, 2020) ("*Jackson III*"). The State then filed a petition for review in the California Supreme Court, and December 23, 2020, the California Supreme Court granted review and deferred action pending its decision in *In re Milton*, 13 Cal. 5th 893 (2022). *See In re Jackson*, E072464, 2023 WL 2583126, at *1 (Cal. Ct. App. Mar. 21, 2023) ("*Jackson IV*"). On November 9, 2022, the California Supreme Court transferred the matter back to the court of appeal, ordering it to vacate its original opinion and reconsider Petitioner's appeal in light of *Milton*. *See id.* at *5. On March 21, 2023, the court of appeal vacated its opinion, "reconsidered [Petitioner's] appeal in light of *Milton*," and reversed the superior court's order granting his habeas petition. *Id.* at *2, *10.

On April 7, 2023, Petitioner filed a pro se habeas petition in the California Supreme Court, which summarily denied it on July 19. *See* Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for Case No. S279406 in supreme court) (last visited on Nov. 18, 2024). On April 20, 2023, he filed a counseled petition for review in the California Supreme Court, which summarily denied it on May 31, with one justice dissenting. *See id.* (search for Case No. S279611 in supreme court).

On January 12, 2024, the trial court entered judgment concerning Petitioner's 1997 conviction and 1998 sentence.[2] *See id.* (search for Case No. E083150 in 4th App. Dist., Div. 2). On January 29, 2024, Petitioner appealed. *See id.* That appeal is pending. *See id.*

On February 5, 2024, Petitioner constructively filed the instant Petition. Liberally construed, *see Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (district courts are obligated to liberally construe pro se litigant filings), the Petition states the following three grounds for relief:

1. The trial court misapplied California law by imposing a prior-serious-or-violent-felony strike enhancement to Petitioner's sentence without explicitly finding that the prior conviction qualified as a strike, and an existing conflict in California law on this point must be resolved.

2. The California Court of Appeal erred by refusing to retroactively apply a California Supreme Court opinion prohibiting trial courts from relying on preliminary-hearing testimony from a defendant's prior criminal case to determine if the resulting prior conviction qualifies a serious or violent felony.

3. The court of appeal erred on habeas review in finding that two state-court procedural doctrines precluded Petitioner from relitigating a challenge to his alleged "unauthorized" sentence that he had already raised on direct appeal.

[Dkt. No. 1 at 13-14, 20-22.]

---

[2] The Court is unable to determine whether the trial court's 2024 judgment altered Petitioner's sentence in any way, but notes that Petitioner filed a direct appeal of that judgment and the court of appeal appointed counsel, who recently filed an opening brief in that action. *See* Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for Case No. E083150 in 4th App. Dist., Div. 2) (last visited on Nov. 18, 2024).

## II. Discussion
### A. Duty to Screen

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of the Petition. Pursuant to Rule 4, the Court must summarily dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990). "If a petition is 'facially defective,' 'a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition.'" *Neiss v. Bludworth*, 114 F.4th 1041, (9th Cir. 2024) (citations omitted). Rule 4 also permits courts to dismiss claims "that are clearly not cognizable." *Id.* at 1045 (citations omitted). In determining whether dismissal is warranted under Rule 4, "the standard is not whether the claim will ultimately – or even likely – succeed or fail, but rather, whether the petition states a cognizable, non-frivolous claim." *Id.* at 1046.

As explained below, a review of the Petition suggests that it is subject to dismissal for at least two reasons.

### B. *Younger* Abstention

As a general proposition, a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances involving great and immediate danger of irreparable harm. *See Younger*, 401 U.S. at 45-46; *see also Fort Belknap Indian Cmty. v. Mazurek*, 43 F.3d 428, 431 (9th Cir. 1994). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam).

*Younger* abstention is appropriate if three criteria are met: the state

proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide an adequate opportunity to litigate the petitioner's federal constitutional claims. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The Ninth Circuit has articulated a fourth criterion: that the requested relief would "enjoin" the state proceeding "or ha[ve] 'the practical effect'" of doing so. *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (citation omitted).

Even when the *Younger* abstention criteria are satisfied, a federal court may intervene when a petitioner shows "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex*, 457 U.S. at 435. "[E]xtraordinary circumstances" are limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or "where irreparable injury can be shown." *Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir. 2012) (citation omitted). The circumstances must create a "pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975).

Here, all criteria for abstention are satisfied. Petitioner's direct appeal is ongoing. After the court of appeal reversed the superior court's order granting habeas relief, the trial court entered judgment on January 12, 2024, and Petitioner filed a direct appeal, which is still pending. There is no reason to believe that the appeal was improperly brought. To the contrary, after Petitioner filed his notice of appeal, the court of appeal appointed counsel, who recently filed an opening brief in that action. *See* Cal. App. Cts. Case Info. http:// appellatecases.courtinfo.ca.gov/ (search for Case No. E083150 in 4th App. Dist., Div. 2) (last visited on Nov. 18, 2024). Accordingly, although Petitioner was originally sentenced in 1998, his direct-appeal process appears

6

to still be ongoing. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) ("When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted."); *see also Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013) (per curiam) ("*Sherwood* stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending." (citation omitted)).

The state, moreover, has a well-established strong interest in the prosecution of criminal charges and the defense of its convictions and sentences. *See, e.g., Younger*, 401 U.S. at 51-52 (finding that state must be permitted to "enforce[ ] . . . laws against socially harmful conduct that the State believes in good faith to be punishable under its laws and the Constitution"). Nothing indicates that Petitioner would not have an adequate opportunity to raise his claims in the state proceedings. And the federal-court relief he seeks could "enjoin" the ongoing state proceedings or have the practical effect of doing so. If he were to succeed in his habeas challenges to his sentence, that would certainly prevent the state court from reconsidering those same challenges or any other challenge to his sentence that he elects to assert in his pending direct appeal, including for example whether the trial court abused its discretion in not striking the prior conviction.

Moreover, no exception to *Younger* applies. Petitioner has not alleged bad faith or harassment by state officials, and nothing in the Petition explains why he is in immediate need of federal equitable relief or points to any circumstance that could be construed as "extraordinary." *Brown*, 676 F.3d at 902-03 (affirming district court's dismissal of habeas petition under *Younger* for failure to identify extraordinary circumstance warranting federal intervention). There is also no possibility that dismissing this action without

prejudice will result in irreparable injury because, as related above, Petitioner's direct appeal is still pending. Thus, thus the statute of limitations to file a timely federal habeas petition challenging the trial court's 2024 judgment has not yet begun. *See Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017) ("[T]he judgment from which the AEDPA statute of limitations runs is the one pursuant to which the petitioner is incarcerated.").

### C. Failure to State a Cognizable Claim

Federal habeas relief is available to state inmates who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). "A habeas petitioner must show that an alleged state sentencing error was 'so arbitrary or capricious as to constitute an independent due process violation.'" *Nelson v. Biter*, 33 F. Supp. 3d 1173, 1177 (C.D. Cal. 2014) (quoting *Richmond v. Lewis*, 506 U.S. 40, 50 (1992)).

Here the Petition's claims concern only state law and thus are not cognizable on federal habeas review. The Petition's first claim is not cognizable because it seeks resolution of a purported conflict in California law and asserts that the state courts misapplied California law. *See Waddington v. Sarausad*, 555 U.S. 179, 192 n.5 (2009) ("[W]e have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). The Petition's second claim is not cognizable because it concerns only whether a California Supreme Court case prohibiting trial courts from using preliminary-hearing transcripts to prove the truth of a prior-conviction allegation applies retroactively. *See Spivey v. Rocha*, 194

8

F.3d 971, 977 (9th Cir. 1999) (federal habeas courts do not review "questions of state evidence law"). The Court lacks jurisdiction over the Petition's third claim because it concerns only whether the court of appeal correctly applied California's *Waltreus* and *Dixon* doctrines.[3] *See Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (as amended) (federal courts "lack[] jurisdiction . . . to review state court applications of state procedural rules"); *see also Trieu v. Fox*, 764 F. App'x 624, 624-25 (9th Cir. 2019) (federal court could not "review the legitimacy" of state court's application of "procedural bar against successive or piecemeal litigation").

In any event, the court of appeal held that the trial court's finding that Petitioner sustained a prior serious or violent felony conviction was proper under California law and that California's "*Dixon* and *Waltreus* doctrines . . . prevent[ed] [him] from relitigating the sufficiency of the evidence supporting the prior strike finding on habeas." *See Jackson IV*, 2023 WL 2583126, at *8-10. What's more, Petitioner's claim concerning the use of preliminary-hearing testimony to prove a prior felony conviction is based on the proposition that the California Supreme Court's opinion in *People v. Gallardo*, 4 Cal. 5th 120 (2017), applies retroactively. [*See* Dkt. 1 at 21.] But the California Supreme Court has already held that it does not. *See Milton*, 13 Cal. 5th 897. Because those holdings reflect the application and interpretation of state law, this Court is bound by them. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) ("[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus.").

That Petitioner alludes to his right to due process [*see* Dkt. No. 1 at 39]

---

[3] *In re Waltreus*, 62 Cal. 2d 218, 225 (1965); *In re Dixon* 41 Ca1. 2d 756, 769 (1953)). *Dixon* prohibits claims on habeas review that could have been raised on direct review but were not, and *Waltreus* prohibits claims on habeas review that were previously decided on direct review. *See Fields v. Calderon*, 125 F.3d 757, 762 (9th Cir. 1997).

9

is insufficient to transform his state-law claims into cognizable federal ones. *See Gray v. Netherland*, 518 U.S. 152, 163 (1996) (explaining that petitioner may not convert state-law claim into federal one by making general appeal to constitutional guarantee); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (habeas petitioner's mere reference to Due Process Clause was insufficient to render his claims viable under 14th Amendment). And putting that aside, he cannot show his 60-years-to-life sentence was arbitrary or fundamentally unfair because he was convicted of two counts of second-degree murder. *See Amaya v. Martinez*, No. 2:23-cv-00559-WLH-SSC, 2023 WL 8261563, at *3 (C.D. Cal. Sept. 6, 2023) (indeterminate sentence for one count of second-degree murder could not serve as basis for due-process violation), *accepted by* 2023 WL 8257960 (C.D. Cal. Nov. 29, 2023), *appeal filed*, No. 23-4204 (9th Cir. filed Dec. 15, 2023).

As such, it appears that none of the Petition's claims are cognizable and, thus, the Petition should be dismissed.

### III. Conclusion

For the foregoing reasons, the Court **ORDERS** Petitioner to show cause **by no later than January 3, 2025**, as to why (1) the Petition should not be summarily denied without prejudice on the basis that *Younger* bars this Court from directly interfering with his ongoing state-court criminal proceedings and (2) the Petition should not be dismissed with prejudice because it fails to allege a cognizable claim on federal habeas relief.

If Petitioner contends *Younger* does not preclude this Court's review or that any of the Petition's claims are cognizable on federal habeas review, he must allege specific facts to support those contentions and provide any reasonably available supporting documentation, including but limited to the trial court's January 12, 2024 judgment and the notice of appeal that he filed

10

in the court of appeal on January 30, 2024, as well as his opening brief in that action.

**Petitioner is admonished that the Court will construe his failure to file a response to this Order by January 3, 2025, as a concession on his part that the Petition is barred by *Younger* and that none of the Petition's claims are not cognizable. In that event, the Court will recommend either that the Petition be dismissed without prejudice pursuant to *Younger* or that it be dismissed with prejudice for failure to allege a cognizable claim.**

**IT IS SO ORDERED**.

DATED: November 21, 2024

*Patricia Donahue*

PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

11